

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 27, 1961

Hon. Lewis M. Hoppock, D.S.C.        Opinion No. WW-1179
Secretary, Texas State Board
  of Chiropody Examiners            Re: Whether it is permissible
Temple, Texas                           for a person licensed by
                                        the Texas State Board of
                                        Chiropody Examiners to
                                        use the term podiatrist
                                        to further describe his
                                        speciality (i.e. Dr. John
                                        Doe, Chiropodist, Podia-
Dear Dr. Hoppock:                       trist).

          You have requested an opinion from this office on
the question of:

          ". . . Is it permissible for a person
     licensed by the Texas State Board of Chiropody
     Examiners to use the term <u>podiatrist</u> to further
     describe and explain his <u>speciality</u> (i.e. Dr.
     John Doe, Chiropodist, Podiatrist)?"

          In Attorney General's Opinion No. WW-885 (1960)
this office had before it the question of:

          "(1)  Whether an individual licensed by
     the State Board of Chiropody Examiners may
     legally use the word 'podiatrist' following
     his name in connection with the professional
     use of his name on any sign, pamphlet, sta-
     tionery, letterhead, signature, office door,
     directories, etc."

          The conclusion reached by this office in Attorney
General's Opinion No. WW-885 (1960) in regard to such question
was that:

          "It is abundantly clear that the inten-
     tion of the Legislature was to limit those
     licensed under Article 4590e (3) (6) to the
     use of one of the legally required identifi-
     cations set out therein, and hence it is the
     opinion of this Department <u>that an individual</u>

> licensed by the State Board of Chiropody Exam-
> iners may not legally use the word 'podiatrist'
> following his name in connection with the pro-
> fessional use of his name on any sign, pamphlet,
> stationery, etc." (Emphasis added)

While the question dealt with in Attorney General's Opinion No. WW-885 (1960) was whether the term "podiatrist" could be used in lieu of the legally required identification set forth in Sec. 3 (6) of Article 4590e, the instant opinion request deals with the question of whether the term "podiatrist" may be used as an elaboration of the legally required identification set forth in Sec. 3 (6) of Article 5490e.

In view of the language of Sec. 3 of Article 4590e that:

> "Every person licensed to practice the
> healing art . . . by . . . the State Board of
> Chiropody Examiners . . . shall in the pro-
> fessional use of his name on any sign, pam-
> phlet, stationery, letter head, signature,
> or any other such means of professional iden-
> tification, written or printed, designate
> in the manner set forth in this Act the sys-
> tem of the healing art which he is by his
> license permitted to practice. The follow-
> ing are the legally required identifications,
> one of which must be used by practitioners
> of the healing art:
>
> ". . .
>
> "(6) If licensed by the State Board of
> Chiropody Examiners: chiropodist; doctor,
> D.S.C.; doctor of surgical chiropody; D.S.C.",

as well as the holding in Attorney General's Opinion No. WW-885 (1960) that:

> ". . . an individual licensed by the
> State Board of Chiropody Examiners may not
> legally use the word 'podiatrist' following
> his name in connection with the professional
> use of his name . . .",

we are of the opinion that the word or term "podiatrist" may not be used as an elaboration of the legally required identification set forth in Article 4590e, Sec. 3 (6).

The Legislature in enacting Article 4590e made no provision for the use of the word or term "podiatrist" in connection with the legally required identification of those practitioners of the healing art licensed by the Texas State Board of Chiropody Examiners, nor did it provide for further description, explanation or elaboration of the required identifications set forth therein.

### SUMMARY

The word and term "podiatrist" may not be used as a further description, explanation or elaboration of the legally required identifications set forth in Sec. 3 (6) of Article 4590e of those practitioners licensed by the Texas State Board of Chiropody Examiners.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Assistant

PB:lgh:ds

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Charles R. Lind
Elmer McVey
Joseph Trimble
Leon Pesek

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.